IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-01846-MSK-KMT

JEFFREY P. FEINMAN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

AMERICAN OIL & GAS, INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware Corporation, and
HESS INVESTMENT CORP., a Nevada Corporation,

Defendants.

## ORDER OF CONFIDENTIALITY

IT IS HEREBY ORDERED that the following procedures shall govern the production and exchange of all documents, written testimony, interrogatory answers and other information produced, given or exchanged by and among all parties in the above-captioned action (the "Action"):

1.      Counsel for any party subject to discovery in the Action or any non-party agreeing to be bound by this protective order ("Producing Party") may designate any documents, deposition testimony or other information that it produces or discloses in the course of pretrial discovery in the Action as "CONFIDENTIAL" when such Producing Party in good faith believes that such documents, materials or information constitute or

reveal Confidential Information (as defined below) that requires the protections provided in this Stipulation and Order of Confidentiality (the "Protective Order"). The designation by any Producing Party of any document, material or information as "CONFIDENTIAL" shall constitute a representation that such document, material or information has been reviewed by an attorney for the party and that, in such counsel's opinion, there is a good faith basis for such designation.

"Confidential Information" shall include all non-public information or matter related to: financial or business plans or projections or trade secrets, compensation plans, proprietary information and technical specifications, business and marketing information, plans, strategies, studies or analyses by internal or outside experts, financial data or results, tax data, assets, liabilities, competitive analyses, personnel, personal financial information or other commercially or personally sensitive or proprietary information.

2.     Counsel for any Producing Party may designate documents, deposition testimony or other information that it produces or discloses in the course of pretrial discovery in the Action as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" when such Producing Party in good faith believes that such documents, materials or information constitute or reveal confidential trade secrets, or other sensitive confidential business or financial information, whose disclosure beyond that permitted by this Protective Order presents a meaningful risk of competitive or business injury (other than injury to the designating party's position in the Action). The designation by any party of any document, material or information as "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" shall constitute a representation that such document, material or information has been reviewed by an attorney for the party and that, in such counsel's opinion, there is a good faith basis for such designation.

3.    Each party and all persons bound by the terms of this Protective Order shall use information or documents obtained in discovery in this action only for the purpose of conducting the litigation of the Action (including any appellate proceedings in the Action) and not in connection with any other litigation or for any business, commercial, scientific, competitive or any other purpose whatsoever.

4.    Except as may be otherwise agreed to in writing by the designating party or its counsel or as may otherwise be ordered by the Court, no party or other person shall disclose or release any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information or document governed by this Protective Order to any person not authorized under this Protective Order, or to any person authorized under this Protective Order for any purpose other than the litigation of this Action.

5.    A Producing Party may designate any documents or other tangible materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by stamping such documents or tangible materials with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or a substantially similar legend at the time of their production.

6.    Any deposition or other testimony, or a portion thereof, may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by any one of the following means:

stating orally on the record of the deposition that certain information or testimony is CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or that the entire deposition transcript is so designated; or

sending written notice to counsel for all parties to the Action within fifteen (15) days after the deposition, designating all or a portion of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Until expiration of this fifteen (15) day period, all deposition testimony and transcripts of the same shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as the case may be.

7.    Inadvertent failure to designate materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not constitute a waiver of such claim and may be corrected.    In the event that any Producing Party discovers that it has inadvertently produced information that has not, but should have, been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the Producing Party promptly may designate the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by subsequent notice to counsel for all parties to the Action, in writing, specifically identifying the information by Bates number, deposition transcript page number, interrogatory response number, or other like manner, in which event all parties shall henceforth treat such information as provided in this Protective Order. A person who has disclosed discovery material that is subsequently designated as "CONFIDENTIAL " or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall in good faith assist the designating party in retrieving

such discovery material from all recipients not entitled to receive such discovery materials under the terms of this Protective Order and prevent further disclosures except as authorized under this Protective Order

8. Any inadvertent or mistaken production of material shall be without prejudice to any claim that such material is subject to the attorney-client privilege, the work-product doctrine, or any other privilege or protection from disclosure, and shall not operate to waive such privilege or protection from disclosure. Within ten (10) business days of learning that a document subject to the attorney-client privilege, the work product doctrine, or other privilege has been inadvertently or mistakenly produced, the Producing Party shall notify counsel for the party(ies) to whom the document was produced, in writing, of the fact of inadvertent disclosure, the date inadvertent disclosure was first discovered, and the circumstances surrounding that discovery. If a claim of inadvertent or mistaken production is made pursuant to this paragraph, the parties to whom the material was disclosed shall promptly return (or, as necessary, delete) that material and all copies thereof, and the receiving party shall not use such information for any purpose. The return or deletion of the material in accordance with this paragraph shall be without prejudice to that party's right to challenge, at a later date, the claim of privilege with respect to such document, but the motion or other challenge shall not assert as a ground for producing such material the fact or circumstance of the inadvertent production.

9. Upon receiving written notice of inadvertent disclosure of a document as to which a privilege is claimed, the party(ies) to whom the document was produced shall

not thereafter use that document or the information contained therein for any purpose, unless and until (i) the Producing Party withdraws the claim of privilege, or (ii) the Court determines either that the document is not protected from disclosure or that any such protection was waived.

10. Discovery materials designated "CONFIDENTIAL" shall not be disclosed by the party receiving such materials to persons other than:

the parties to this Action, including their current members, officers, directors, partners, representatives, attorneys or employees with whom counsel reasonably determines it is necessary to confer about CONFIDENTIAL information for purposes of this Action;

the parties' counsel in the Action and their clerical, paralegal and secretarial staff;

clerical and data processing personnel who are not regularly employed by the parties or their counsel, but are involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and/or review of discovery materials, to the extent reasonably necessary to assist a party or its counsel in this Action;

this Court, any court exercising appellate jurisdiction with respect to the determinations of this Court, and any other court or person appointed by the Court to address an issue related directly to discovery in this Action;

court reporters, stenographers and videographers employed for the purpose of transcribing and/or recording testimony or argument at any hearing, trial or deposition in the Action (including any appeals);

witnesses at a deposition and their counsel to the extent that the witness was an author of, recipient of, or a person previously authorized to receive the CONFIDENTIAL information or a witness to whom disclosure is reasonably necessary in connection with their testimony, provided, however, that in the latter category, before receiving or being advised of the contents of CONFIDENTIAL Information, such witness shall execute an Acknowledgement in the form of Attachment A hereto;

jurors and alternate jurors;

the insurers and reinsurers of the parties to these proceedings, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of this action;

a non-party (including a former officer, director or employee of a party) who authored or previously received the CONFIDENTIAL information;

subject to the provisions of ¶ 12 below, any expert or consultant retained by counsel for a party to assist in the preparation or trial of this Action, and the employees of such expert or consultant who are necessarily involved in the performance of these services; and

any mediator or arbitrator engaged by the parties in connection with the Action.

11.   Discovery materials designated "CONFIDENTIAL" shall not be disclosed by the party receiving such materials to persons other than:

the parties' counsel in the Action and their clerical, paralegal and secretarial staff;

clerical and data processing personnel who are not regularly employed by the parties or their counsel, but are involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and/or review of discovery materials, to the extent reasonably necessary to assist a party or its counsel in this Action;

this Court, any court exercising appellate jurisdiction with respect to the determinations of this Court, and any other court or person appointed by the Court to address an issue related directly to discovery in this Action;

court reporters, stenographers and videographers employed for the purpose of transcribing and/or recording testimony or argument at any hearing, trial or deposition in the Action (including any appeals);

witnesses at a deposition and their counsel to the extent that the witness was an author of the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information;

jurors and alternate jurors;

subject to the provisions of ¶ 12 below, any expert or consultant retained by counsel for a party to assist in the preparation or trial of this Action, and the

employees of such expert or consultant who are necessarily involved in the performance of these services; and

any other person only upon order of the Court or upon stipulation of the designating party.

12.    Documents designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be viewed only by the receiving attorneys of record signing this Protective Order and such documents and their contents, and the information contained in such documents, may not be disclosed to any other person by the receiving attorney, including but not limited to a client of the receiving attorney, without written permission of the producing party or pursuant to Court order.

13.    CONFIDENTIAL materials may be provided to experts or consultants retained by counsel in connection with the Action, to the extent necessary for such expert or consultant to prepare a written opinion, to prepare for purposes of giving testimony, or to assist counsel in the prosecution of the Action; provided that such expert or consultant: (a) uses said information solely in connection with the Action; (b) executes the Acknowledgment in the form of Attachment A hereto, agreeing in writing to be bound by the terms and conditions of this Protective Order and consenting to the jurisdiction of this court for purposes of enforcement of the terms of this Protective Order, which Acknowledgment shall be retained by the party hiring the expert or consultant; and (c) agrees not to disclose or use such CONFIDENTIAL materials for purposes other than those permitted hereunder.

14.     Persons authorized to receive CONFIDENTIAL information pursuant to the terms of this Protective Order may make copies of documents, discovery responses, or materials designated as CONFIDENTIAL as reasonably necessary in connection with this Action without the permission of the Producing Party or an Order of the Court, provided that such copies also are treated as CONFIDENTIAL under the Protective Order.

15.     If any party objects to the designation of any discovery materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the party shall state the objection by letter to counsel for the party making the designation. If the designating party refuses to withdraw the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation, or if resolution is not achieved within ten (10) business days after receipt of such objection, then the objecting party may file a motion with this Court for an order removing the designation at issue. The designating party shall bear the burden of supporting the designation. Until this Court rules on any such motion, the discovery materials shall continue to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as the case may be, under the terms of this Protective Order.

16.     Any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials submitted to the Court, including that used as exhibits to or incorporated in any other manner in briefs, memoranda, transcripts or testimony, or any other documents filed with the Court, shall be protected as follows:

1.    Materials Filed.  Any brief, memorandum, transcript of testimony or other document, or any portion thereof, filed with or submitted to the Court, which incorporates or refers to the substance of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, shall be filed with the Court under seal in accordance with the provisions of D.C.COLO.LcivR. 7.2.  If leave of Court to file under seal is not timely obtained, then the party desiring to file CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY matter shall confer in good faith with the producing party to determine how such information otherwise may be provided to the Court consistent with the parties' obligations herein.

2.    Hearings and Trial.  At any hearing before the Court, counsel shall attempt to avoid inadvertently disclosing any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY matter. If any counsel believes it is necessary to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Matter during a hearing, said counsel shall first request the Court to clear the Court or to hear the matter in camera and shall otherwise confer with counsel and the Court to agree upon a method by which the confidentiality of the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Matter can be preserved. Should a transcript of the hearing be made, the Court may order it treated in the same manner as a deposition pursuant to paragraph 6 above.

3.    Appeal.  All papers in connection with any appeal herein which contain any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Matter shall be similarly subject to the provisions of this Protective Order, and shall be

filed with the United States Court of Appeals and/or the United States Supreme Court under seal and in accordance with the applicable rules of those courts.

17.    At any proceeding before the Court in connection with this Action, counsel for the parties may, subject to the rules of evidence, disclose or refer to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material in accordance with the provisions of this Protective Order, unless otherwise ordered by the Court. If CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material is disclosed or referred to in any proceeding, the portion of the transcript, if any, containing or referring to such material (a) shall be treated and handled as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the provisions of this Protective Order, (b) shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and be bound separately or the transcript in its entirety shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and (c) may be filed with the Clerk of the Court only in accordance with the provisions of ¶ 15 above.

18.    Nothing in this Protective Order shall preclude a party from seeking, by written agreement of the signatories hereto or Court Order, further, greater or lesser protection with respect to the use of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials in connection with this Action.

19.    Nothing in this Protective Order shall be construed to limit in any way any party's or non-party's use of its own CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials, including disclosure of such materials.

20.     The terms of this Protective Order shall, absent written permission of the designating party or further order of the Court, remain in full force and effect throughout and after the final resolution of the Action, including until all appeals involving the Action have been exhausted, the time to appeal in the Action has expired, or the parties in the Action have reached a final, court-approved settlement of all pending claims between them ("Final Resolution"). Upon Final Resolution and no later than sixty (60) business days after the Producing Parties' request, counsel shall use commercially reasonable efforts to either destroy or return all copies of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials (including excerpts and summaries thereof) to counsel for the Producing Party, and shall certify that such destruction or return has been completed. Notwithstanding the foregoing, counsel may retain copies of court filings and correspondence relating to the Action, documents reflecting any work product, and official transcripts and exhibits, provided that any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information contained in such retained documents shall continue to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as provided for in this Protective Order.

21.     If, in connection with any judicial, administrative, or legislative proceedings, any party (or its counsel) receives a subpoena or other compulsory process demanding documents, information, or other material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by any other person pursuant to this Protective Order, that party or counsel shall give notice to

the Producing Party (or designating party) at least fourteen (14) calendar days prior to the return date of the subpoena or other compulsory process, unless otherwise prohibited by law. If the subpoena or other compulsory process has a return date of less than fourteen (14) days, notice shall be given to the Producing Party (or designating party) in writing or by telephone as soon as practicable unless otherwise prohibited by law. If application for a protective order is made before the time set forth in the subpoena or other compulsory process for compliance therewith, the subpoenaed party shall not produce such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information absent the consent of the designating party, UNLESS REQUIRED TO DO SO BY APPLICABLE LAW OR BY COURT ORDER.

22. This Protective Order shall be applicable to discovery provided by any non-party from whom discovery is sought in this Action. Such non-party may obtain the protections of this Protective Order by giving written notice to the parties that it intends to be bound by the provisions of this Protective Order, and designating that its provision of discovery is subject to the Protective Order. To the extent that any non-party produces documents or information in this Action that contain confidential information of a party to this Action, that party may designate the information CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by providing written notice to all parties who received the documents or information within thirty (30) days after the disclosure. Until the expiration of that thirty day period, all documents and information produced by a non-party shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as the case may be.

23.     In the event a party wishes to file publicly a document or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by a non-party, the party must provide five business days written advance notice to the non-party before such filing or disclosure.

24.     In the event that a party produces two or more identical copies of a document of which at least one copy is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and at least one copy is not so designated, once such a discrepancy is actually discovered by the receiving party, all copies of the document shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as the case may be.

25.     The parties agree that the designation of any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is not intended to be, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, or reasonably calculated to lead to the discovery of admissible evidence.

26.     Nothing in this Protective Order shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial of the Action. By consenting to this Protective Order, a party does not waive any rights that he, she, or it may have to object to any discovery request on any grounds and to object to the admission on any grounds of any material as evidence at any trial or hearing. Nothing contained herein shall constitute a waiver by any party of the right to claim that material designated by a disclosing party as CONFIDENTIAL or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY is not, in fact, CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

27.  Disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material by any persons or in any manner not permitted by this Protective Order shall not result in a waiver of or otherwise limit the right of a party to enforce the provisions of this Protective Order.

28.  Any party may move this court for a modification of or relief from this Protective Order at any time upon notice to all other parties.

29.  The parties agree to be bound by the terms of this Protective Order upon signing by counsel for each of the parties, and violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

30.  The Defendants' agreement to this Protective Order shall not be deemed a submission to jurisdiction or a waiver of any objection to venue in this Court.

31.  An intentional violation by any person of any term of this Protective Order shall be punishable as a contempt of court. No provision of this Protective Order shall require any person, corporation or other entity not a party to the Action to respond to any discovery request, except as may otherwise be required by law.

DATED: September 16 , 2010

BY THE COURT:

Kathleen M. Tafoya
United States District Court Magistrate Judge